IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD LUSK, #1964427 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv459 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Charles Edward Lusk, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #20) concluding that the petition should be denied. Mr. Lusk has filed objections (Dkt. #22).

Mr. Lusk is in custody pursuant to three Smith County convictions for the offense of manufacture/delivery of a controlled substance. He argues that he was entrapped. His objections focus on a claim that his attorney was ineffective in presenting his entrapment defense. He wanted the defense presented to the jury, as opposed to the trial court in a pretrial proceeding.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* at 687, 104 S. Ct. at 2064. A petitioner must show that counsel's performance was deficient and that his attorney's deficient performance resulted in prejudice. *Id.*

1

The ineffective assistance of counsel claim was fully developed in the state habeas proceedings. Trial counsel, Donald S. Davidson, filed an affidavit in response to the allegations of ineffective assistance of counsel. Trial counsel noted that he "repeatedly informed [Mr. Lusk] before the entrapment hearing that this was not a viable defense but he insisted that he wanted to pursue it." SHCR at 76. Despite misgivings, trial counsel presented the defense "to the best of [his] abilities." *Id.*

After considering the record, along with the affidavit of counsel, the state trial court issued the following findings of fact and conclusions of law with respect to whether trial counsel was ineffective in presenting the entrapment defense:

> [Mr. Lusk] also attacks the effectiveness of trial counsel under this ground in a complaint that is vague but appears to assert that his trial attorney filed a motion regarding entrapment that he did not believe had any merit. Mr. Davidson replies that he did in fact believe that there was no real merit in an entrapment claim because "after conducting extensive research of the law and the facts in his cases [] the legal criteria required to prove entrapment was not a viable defense." (Affidavit of Mr. Donald Davidson at 3). Nevertheless, Mr. Davidson avers that, "after many consultations regarding this matter and after reviewing the overwhelming evidence establishing his guilt, [Mr. Lusk] knowingly instructed me to file the [entrapment] motion." *Id.* The 12th Court of Appeals agreed with Mr. Davidson's opinion when it held that there was no abuse of the trial court's discretion in overruling [Mr. Lusk's] entrapment motion. *See Lusk*, 2015 Tex. App. LEXIS 4434 at *8-9.

> The law does not require that frivolous motions be filed in order for counsel to be considered to have provided effective assistance. *Wood v. State*, 4 S.W.3d 85, 91 (Tex. App. - Forth Worth 1999, pet. ref'd) (trial counsel is not obligated to present frivolous motions or objections); *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App. - Houston [14th Dist.] 2002, pet. ref'd) (trial counsel is not ineffective for failing to make a frivolous objection). Mr. Davidson could have rightfully refused to file the entrapment motion in this case, yet he acceded to [Mr. Lusk's] wishes only to have to now defend that decision.

> In recognition of the 12th Court's opinion, [Mr. Lusk] has not met his two-pronged burden under *Strickland* under this ground to show that Mr. Davidson rendered ineffective assistance of counsel or that he suffered resultant prejudice.
>
> b. [Mr. Lusk] alleges under a second ground that Mr. Davidson was ineffective at the entrapment hearing because he failed to "argue the facts." (Writ App. at 8-9). [Mr. Lusk] neglects to explain what specific "facts" there were presented by the testimony at the entrapment hearing should have been argued but were not. He likewise fails to offer any authority to show how he was prejudiced by the alleged failure to argue unspecified facts - especially given that the 12th Court has decided the entrapment motion was properly overruled.
>
> Consequently, [Mr. Lusk] has not met his two-pronged burden under *Strickland* to show ineffective assistance of counsel and a resultant prejudice.

SHCR at 102-03. The state trial court concluded that trial counsel provided effective assistance and that relief should be denied. *Id.* at 105. The Texas Court of Criminal Appeals subsequently denied the application without written order on findings of the trial court without a hearing.

Mr. Lusk asserts that he wanted the entrapment defense presented to the jury, as opposed to the trial court in a pretrial proceeding. Counsel was not, however, required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The failure to make meritless objections does not result in the ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Mr. Lusk has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Mr. Lusk has not satisfied his burden of overcoming the "doubly" deferential standard that must be accorded to trial counsel. The ineffective assistance of trial counsel claim lacks merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Lusk to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Lusk's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

Ron Clark, United States District Judge